Case number 195539, United States of America v. James Armes. Arguments not to exceed 15 minutes per side. Mr. Heft, you may proceed for the appellant. Morning. Good morning, Your Honors. Your Honor, may I reserve four minutes for rebuttal, please? Certainly may. May it please the Court. This morning, I'd like to focus on argument number one. If there are any questions regarding argument number two, I'd be glad to answer those. But the issue here is whether Mr. Armes' prior conviction for third-degree rape is a predicate offense for sentence enhancement under 2251E and 2252A, B1 and B2. As applied to this case, those statutes require that the prior conviction be a federal offense under Chapter 109A or Chapter 110 or a conviction under state law relating to the abuse of sexual conduct or contact with a minor. There's no dispute Mr. Armes was not convicted of a federal offense. So Sections 2243A and 2244A have no relevance to this case. For one, because... Why doesn't Mateen, which says we look at whether sexual abuse under the common meaning apply? Well, I think we have a generic definition here, Judge. In 2243A, I started to say that 2243A and 2244A are irrelevant. They're irrelevant because there are different elements, and Mr. Armes was not convicted of those crimes. But it is relevant insofar as it provides a generic definition of sexual abuse of a minor. That Ninth Circuit case we cited in the brief, Mateen... So are you saying if he was 25 and he had sexual intercourse with an 11-year-old,  it would be sexual, you agree with that, right? Yes. Why wouldn't it be abuse as we understand it? Well, I think the problem is you have to look at the Kentucky statute. Well, you have the generic definition that says you engage in a sexual act with someone who has not attained the age of 12, and who is under the age of 12, I'm sorry, and has not attained the age of 16, and that the victim is at least four years younger than the perpetrator. The 22 and 15, I mean, I don't understand why would that be sexual abuse. Well, it could be, but that's the whole problem here. Is Kentucky's Rape 3, does that meet the generic definition? And our contention is that it does not. What does abuse mean to you? It could mean some kind of physical force. I think there are a variety of abuses. There could be psychological abuse, emotional abuse, certainly physical abuse, or even sexual abuse. But I think here what the district court has done is when you look at the element, you have to compare the elements of the generic definition with the elements of the state offense, and those elements are very different. There are several ways, at the time Mr. Arms was convicted, there were several ways that someone could be found guilty of third-degree rape. But all of them involve lack of consent, correct? No, no, they don't. The third one, there is, the third one is, The foster one? Yes, Your Honor, subsection C. I mean, that's lack of consent, the way I think about it, because it's abuse of a position of trust, right? But that's not what the Kentucky statute says. Here it does. It says having sex with a foster child. That's right. Someone who's under 18. And it's a foster child put in your trust, and you're abusing that. And that to me sounds like sexual abuse, right? Under the common meaning. That could be, well, I think she's, that individual is, the foster child could be 17, could be 16 or over 16, or 17 years old. That would take it out of the generic definition of sexual abuse. Yeah, I mean, I guess that's the question I had. Does this trust relationship trump the consent law that you have in some states, maybe Kentucky, where a 16 or 17-year-old can consent to sex? Well, the Kentucky statute has changed dramatically. The Rape III statute has changed. Since 2005? Sorry, go ahead. Yes, Your Honor, since Mr. Arms was convicted, there are a number of other elements that are now in the present Kentucky third degree rape statute. So that's why I go back to the point where you look at the generic definition, you look at the Kentucky definition, you compare those elements, and the categorical approach doesn't work, because the Kentucky Rape III degree statute is broader because it has alternative elements and elements that are not contained within that generic definition. And the generic definition, to go back, to make another point that you were talking about, Judge Zappar, yes, there's a lack of consent, but one of the elements is that the individual, again, at the time Mr. Arms was convicted, the phrase was mentally retarded. The person couldn't convict because they were mentally retarded. They may be over the age of 16. There is no age limit on either the victim or the perpetrator in that section. It's section 1A of the Kentucky Rape III degree statute. Can I ask you a different question, which is, you didn't contest, in paragraph 84 of the pre-sentence report, you didn't contest that it was third degree rape, correct? That's, well, there was, let me... I guess it's a yes or no. Did you file an objection to paragraph 84? Not a specific objection, but defense counsel did say in his sentencing memo and at sentencing, we don't concede that the prior conviction... Qualifies. Yes, sir. But they conceded the paragraph 84, the facts provided in paragraph 84. They didn't dispute them. Okay, they didn't dispute them, which means they didn't object, which means they waived, correct? If you don't dispute a fact in a pre-sentence report, you waive the objection to it. Is that fair? That's generally true, yes. Generally? Is there an exception to that? Well, I think there could be a plain error situation. Well, okay, but plain error is a waiver doctrine in a sense, right? Yes. It's a means of excusing a waiver. Okay, so if that's the case, then in paragraph 84 says that the indictment said what happened in this case, which is you have an older person abusing someone under 60, right? Yes, Your Honor. Why can't we accept that fact? In other words, why did the district court commit clear error in relying upon that? Well... Or plain error? Okay. First of all, there's case law from this court, the Winn case that we cited in the brief, the Gardner case that says the indictment is not a Sheppard element. Well... The indictment is what it says in the categorical approach, which this isn't, right? We're talking about modified now. In the categorical approach, you can't look at facts to decide upwards what elements they were convicted of. That's what Winn says. That's different than this case, correct? No. Because they're not. So let me give you a hypo. If it said he was convicted in the beginning of paragraph 84, third degree rape, dash, and it had the statutory subsection, and you didn't object, would that be enough? No, I don't think so. I don't think... That's part of the factual... So in every case, even if people don't object, we're going to require district judges to ignore Rule 32 and go get documents from the state courts to prove it up even though a defendant's not objecting. Well, in this case, your honor, certainly the burden is on the government to provide the Sheppard documents. Not if you don't... Why is the burden... Because the Supreme Court said other available documents. This tells you what the indictment said. It doesn't tell you the facts of what happened. We're not using the facts as they were in Winn to figure out backwards what happened. It just says the indictment says this is what he was indicted for. We rely on that in district courts every day in America. But we are relying on that factual recitation or that factual assertion in the PSR. Sure. So you have to show it's plain error to rely on it. And my point is why is Winn controlling if Winn was trying to figure out the facts underlying the conviction, underlying the conviction to figure out the elements, whereas this isn't doing any of that. This is just saying this is what the indictment says, which every PSR in America says. Well, I think there's a couple of reasons here, your honor. Look at the Gardner case. They had the indictment. They started off with the indictment and the judicial order. The indictment charged, I believe it was, lascivious conduct with a child. What was effectively the judgment said the defendant was charged with aggravated battery and was convicted of simple battery. So then they brought on the PSR, which said, well, he was charged with aggravated battery, but was convicted of lascivious conduct. And the district judge says, I don't know what he was convicted of, what he was charged with. And he said that was one reason why the indictment was unreliable. And that's the point. Right. But here we have he was indicted for this. It says specifically what he was indicted for. According to the indictment, the defendant engaged in sexual intercourse with a victim that was less than 16 years old. It had the date of birth, while the defendant was over 21 years old. And then it doesn't indicate all these other things that happened in that case. It says he pled guilty to both counts. And he didn't contest any of this. So now you're saying district courts independently, when there's no objections, not that they're not busy enough, district courts now have to hunt down these documents when no one's objecting to them, find them, and use them, even though the Supreme Court has said to the contrary, you can use all other available documents to indicate what's in those. Go ahead. I see I'm out of time. May I respond? Well, first of all, Judge, I think that's the burden that Shepard puts on the courts, or more so on the government. You have to show these particular documents. They can't do it. The indictment here is not a finding of guilt. It's not a finding of- I totally agree. When it's contested, the government has to do it. How many times do we require the government to prove uncontested things in sentencing? Name me a single case or situation. I can't do that. But if there are no other questions- You'll have your full rebuttal time. Thank you, Your Honor. May it please the Court, I'm Jay Gilbert representing the United States. As the Court's been discussing, Mr. Arms' counsel did not develop this argument at all before the district court, in fact, actively avoided it, did utter the words, I'm reserving the right to appeal this, but this has not been developed before the district court. He's asking this court to develop it in the first instance. This is all about whether Mr. Arms' prior conviction under Kentucky law for third-degree rape constitutes a predicate crime for the purposes of enhancing his sentence under 18 U.S.C. 2251 for production of child pornography, and 18 U.S.C. 2252A for distribution and possession of child pornography. Now, the PSR, we've been talking about that a little bit, did, as Judge Tappar pointed out, state that this third-degree rape conviction in Kentucky, this prior conviction, dealt with Mr. Arms' sexual intercourse when he was over the age of 21 with a person under the age of 16. That's a factual assertion in the PSR to which Mr. Arms did not object, and so he is taken to have- For its factual grounding. No, Your Honor, not- Even in the absence of an objection. No, Your Honor. All right, why not? It is a factual assertion in the PSR, and it wasn't objected to, just like the fact that he was convicted. But that's the same as when. Same thing. Well, it seems as a matter of equity it's not correct that he could bring on appeal an argument about- The distinction is courts can rely on it for the existence of it, but not for the underlying facts to support it. All right, Your Honor. There was a crime, right. That's it. I see, Your Honor. What would be your answer to my question about the subsection? I mean, taken to its logical conclusion. So I have a different reading of when, because I think it's dicta and it's not binding, and it's contrary to Rule 32 on that individual point. But if it said third-degree rape and then had the subsection, could a district court rely on it and nothing else? I would say so, Your Honor. That's specific enough to point out. What if, like some states, you put rape all in one? So you had first, second, and third-degree rape all in one statute. And the front line was rape, and then it had a section but no subsection. Could you use it to figure out if it was first, second, or third? Well, Your Honor, I believe you can. But in this instance, what we have in these enhancement provisions in Sections 2251 and 2252A, it's a statement that says that if the defendant has at least one prior conviction under the law of any state relating to aggravated sexual abuse, sexual abuse, or abuse of sexual conduct involving a minor, then the enhancement of the sentence applies. So the relating to is the breadth of that is beneficial to the government. PSR, no PSR. Oh, I mean the PSR tells us there's an existence, but the relating to, you hang your hat on that. Yes, Your Honor. The Mateen case, of course, talks about the relating to language as being read very broadly. And in this case, the penalty sections, the enhancement sections of 2251 and 2252, talk not only about abuse of sexual conduct involving a minor, but about sexual abuse generally. And Kentucky case law has said that sexual abuse is necessarily a part of rape. And so if we have third-degree rape in Kentucky, it would follow that sexual abuse is part of that. And so under 2251E and 2252A, B1 and B2, the enhancement should apply. Does that answer the court's question, Your Honor? Yes, thank you. Thank you. Are you aware of any cases that say, because I haven't seen any, that if no one objects the pre-sentence report, the judge can't rely on its description of the charging documents? Because when, you'll remember, was about the underlying conduct. So it was the factual conduct. Whereas here, the first part of every pre-sentence report, if you'll remember, it'll say like third-degree rape, pled guilty. Sometimes it says third-degree rape, and underneath it has in parenthetical the statutory section and subsection, which is why I keep asking this question. District courts rely on that every day. Are you aware of any case that has said you can't rely on even that? Like I don't understand, why can we rely on third-degree rape if we can't rely on the description of the indictment? Well, from a common-sense point of view, Your Honor, I think that's correct. If the PSR says third-degree rape and then beneath it, it says why, it seems to me to be counterintuitive that the district court should not be able to allow on the reason why the third-degree rape was pled guilty to.  I'm not aware of any, Your Honor, no. In this case, it's a little bit difficult to understand exactly what the defendant was arguing here since this wasn't developed. This argument was not developed before the district court. But, of course, there's case law, and we cited it in our brief, stating that when a PSR is not objected to, then the defendant is deemed to accept those factual assertions contained in the PSR, and the district court may properly consider those as findings of fact. The brief seemed to really focus on the modified categorical approach and not on categorical approach. Is that a fair statement? Well, I think that that's what Mr. Arms is focusing on, on appeal. Of course, that was not developed below. And Mr. Arms talks about how the United States failed to produce any Shepard documents, which, as I understand it, would be what the United States would produce if we were engaging in a modified categorical approach here. But, again, Mr. Arms didn't object to anything in the PSR and didn't say anywhere in his sentencing memorandum or anywhere else that the United States needed to produce any Shepard documents. If he had done that, then presumably the United States would have produced certain documents that would have shed more light on it, but we didn't even get to the categorical or the modified categorical approach before the district court. Okay. Anything further? No, Your Honor. Any further questions? Apparently not. Thank you. Okay. Thank you very much. And, of course, Your Honor, we would request that this court affirm the judgment. Thank you. Mr. Heft? Just a couple of brief points, Your Honor. First of all, Judge Cook is correct. In the Winn case, the court specifically acknowledged that the defendant did not object to the factual assertions or the recitation of facts in the PSR. And that's really, I think, the sticking point here. We're taking those facts as being absolutely true. I agree with you that you can't rely upon the facts to figure out what elements. In other words, you can't use facts to figure out the categorical approach. But we're not, I mean, this Rule 32 says it's undisputed if you don't object. I mean, it's crystal clear. You and I both know that. So what we're asking district courts to do, why can we accept that it's third-degree rape? I mean, let me ask just that question. Why can we accept that? Well, I guess for one thing, the only time that I can recall that it came up in the pleadings was in the Defense Counsel's sentencing memo. It was footnote number one of his sentencing memo, Your Honor. He mentioned third-degree rape. Well, no, no, it says it in the PSR. I'm asking why we can't accept that it says rape, third degree. Why, for that matter, can we accept he has a rape conviction? Well, certainly, because I think the court has a duty here when you're applying a sentence enhancement, such a radical sentence enhancement, to look and make sure that those prior convictions are, in fact, predicate offenses that can be used for sentencing. What case gives them that duty where it's unobjected to? I understand if it's objected to, then, of course, the district court and the prosecution has to do the work. I was a district judge for ten years. I don't remember where everyone says, Judge, we're not objecting to this, where I, no matter what, prolong the sentencing hearing by five hours by making the prosecution prove up everything in the pre-sentence report. I understand that, Judge, and you're right. I understand why you're asking. It's a good argument. When is a good case to use? But it seems to me we're creating a lot of work for busy district courts here. In every one of these cases, when no one's objecting, the district court's still going to have to go get the docs, which, as you and I both know, can be an arduous process dealing with state court records. Sure. It may be a situation where the indictment, if it exists, but that might be the only Shepard document that exists. I guess the other point I was trying to make is that the indictment, standing alone, is really meaningless as a Shepard document because, again, going back to that Gardner case, the indictment can make one set of allegations, and what happens, for example, you see in the plea colloquy or in a plea agreement, the factual basis may be entirely different. I totally agree. If you object, I agree. That seems problematic. But if you don't object, still, what if he had only the indictment? Would you say that's insufficient? Yes. Yes, I would. Even though you didn't object? Yes. What if he had the indictment and the plea agreement but not the plea colloquy? It would depend what the plea agreement said. What if it said I'm pleading guilty? That's not enough. That's not enough to establish a factual basis, and presumably in order for the plea to be constitutionally valid, they'd have to state a factual basis, which might tie back into the indictment. But they have to get all. So do you have a case for that? Because no Supreme Court case says that. Now they have to get all the documents. They just need to establish the underlying facts. They don't need to get every document, but they need a sufficient number of documents to establish the factual basis or the predicate offense, the underlying. Unobjected to. I think it's plain error not to judge. I see my time's up. Thank you, Your Honor. Okay, thank you, counsel, both of you, again, for your arguments this morning. We really do appreciate them. The case will be submitted. And that completes our calendar for this morning.